76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
Robert Schulte, Claimant-Appellant
v.
FOUR MISCELLANEOUS COMPUTERS, INCLUDING MONITORS, COMPONENTS
AND ACCESSORIES VALUED AT $10,000.00, Defendant.
 No. 95-55314.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 26, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Schulte, a California state prisoner, appeals pro se the district court's grant of summary judgment for the government in a civil forfeiture action brought against four computers, printers and accessories ("the computers") owned by Schulte. The government filed a complaint against the computers under 21 U.S.C. § 881(a)(2) alleging that they had been used to facilitate the sale of controlled substances. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 Schulte contends that the district court erred by granting summary judgment for the government. This contention lacks merit.
 
 
 4
 We review a district court's determination of the existence of probable cause for the forfeiture of property de novo. United States v. Padilla, 888 F.2d 642, 643 (9th Cir.1989). In civil forfeiture proceedings, a grant of summary judgment "must necessarily be construed in light of the statutory law of forfeitures." See United States v. One 56-foot Yacht Named the Tahuna, 702 F.2d 1276, 1281 (9th Cir.1983) (quotation omitted). In such proceedings, the government bears the initial burden of showing probable cause to believe that the property seized was the proceeds of a narcotics violation or was used to facilitate such a violation. See Padilla, 888 F.2d at 643. The burden of proof then shifts to the claimant to show by a preponderance of the evidence that the property was not involved in a narcotics violation. Id. at 645.
 
 
 5
 Here, the government met its initial burden by submitting evidence sufficient to establish probable cause. Specifically, the government submitted a step-by-step "recipe" for methamphetamine entitled "Pop the Clutch," located in the hard drive of one of the computers and thirty-seven pages of articles on the effects of methamphetamine, located in the hard drive of second computer. The government also submitted an affidavit from the officer who seized the computers, stating that three of the computers were interconnected and the fourth was nonoperational. Officers also seized three pounds of ephedrine, other compounds used in the manufacture of methamphetamine, plastic tubing, glassware, a pump and weapons from the office where the computers were located. In response to the government's motion, Schulte, represented by counsel, submitted only an affidavit which stated that the "recipe" constituted 0.005% of the information in the hard drive and that the articles were downloaded from medical journals.
 
 
 6
 We agree with the district court that Schulte failed to show by a preponderance of the evidence that the property was not forfeitable, and thus the government was entitled to summary judgment. See id. at 643. Furthermore, the forfeiture did not violate the Double Jeopardy Clause because Schulte was convicted of narcotics violations in state court, and the computers were forfeited by the federal government. See United States v. Real Property Located in El Dorado County, 59 F.3d 974, 987 (9th Cir.1995) ("Successive prosecutions based on the same underlying conduct do not violate the Double Jeopardy Clause if the prosecutions are brought by separate sovereigns.").
 
 
 7
 Accordingly, the district court's grant of summary judgment is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Schulte's motions to file a late and oversized reply brief are granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to review Schulte's First Amendment claim, raised for the first time on appeal. See Morgan v. Bunnell, 24 F.3d 49, 52 (9th Cir.1994) (per curiam)